JAMES W. ENGLISH, Appellant, v. MURRAY MCCONNEL, Appellee.

APPEAL FROM MORGAN.

Where one attorney agrees with another to prosecute a suit for a third party, in consideration that the fee shall be divided, and he fails in his suit, he cannot recover, if the other attorney prosecutes successfully without his assistance.

THE appellant sued the appellee to the October term, 1859, of the Circuit Court of Morgan, in assumpsit, for money had and received to the use of the appellant. There were two counts in the declaration ; 1st, a special count, with apt averments, on the following contracts :

"In pursuance of the authority to me given by George Vail, by the annexed letter, signed by the said Vail, I, Abram Melick, do hereby contract with M. McConnel, of Jacksonville, Illinois, as follows, to wit : That he shall commence in the name of said Vail, for my use, an action of covenant, based upon a deed signed by Charles Collins and wife, Joshua Moore, and Ira Y. Munn, dated September 1st, 1836 ; and as a compensation to said McConnel, for his services as attorney, and for all his expenses in prosecuting said suit, it is hereby agreed between him and the said Vail, that he, the said McConnel, shall have one-half of all that can be recovered and collected in said suit, or, if it shall be deemed necessary by said McConnel to bring any other form of action than covenant, he may do so, and the agreement aforesaid applicable to said action of covenant, shall be applicable to any other form of action deemed necessary to be brought. In testimony whereof, both parties have hereunto set their hands. Abram Melick signing in the name of said Vail, by virtue of the authority aforesaid. This contract is made and signed by                      ·        GEORGE VAIL,

By ABRAM MELICK, Agent,
And MURRAY McCONNEL."

The defendant and plaintiff made the following agreement :

"It is agreed by and between Murray McConnel and James English, that the said English is to prosecute, under the directions of the said Murray McConnel, the suit mentioned in the contract, of which the within is a copy, with said Vail, and pay one-half of all necessary expense in said prosecution; and is to have one-half of all that can be obtained to and by the said McConnel, in said suit, under said contract, March 5th, 1851.                 ·        M. McCONNEL,

JAS. W. ENGLISH."

The second count in the declaration is, the general count for money had and received by the defendant, to the use of the plaintiff, with bill of particulars, at the foot of the declaration, applicable to both counts.

It was agreed by both parties, that the following are all the facts in the case :

On the 5th of March, 1851, M. McConnel and Vail, by the said Melick, made and signed the contract, and on the back of a

copy of said contract, M. McConnel and English made the paper signed by them, also copied in the plaintiff's declaration filed herein.

On the 27th day of May, 1851, English brought the suit in chancery in the Scott county Circuit Court. As stated in the plaintiff's declaration, at the August term, 1854, of the Scott county Circuit Court, said suit in chancery was dismissed without prejudice, at the costs of Vail, the complainant, but the decree was not recorded in Scott until April, 1855. English resided in Morgan county, Illinois, while this suit in chancery was in progress, but shortly after it was dismissed, he made arrangements to move, and did move to Greene county, to wit, on the 27th day of January, 1855.

English brought no other suit, or offered to either Melick, Vail or McConnel to do so, to recover said claim against Moore and Munn, or either of them, nor did he give either of said persons notice that he was ready or willing to do so.

On the 5th day of May, 1855, M. McConnel, (without the assistance of said English,) brought a suit in the Morgan county Circuit Court, in favor of Vail against Moore and Munn, based upon the same deed, and for the same cause of action for which said English had brought said suit in chancery, and prosecuted said suit successfully through the Circuit Court of Morgan county and the Supreme Court of the State of Illinois, and finally recovered judgment and collected the money for said Vail, as stated in the plaintiff's declaration in the first count.

Said McConnel made no application or direction to said English to institute said suit, or any suit, or to aid in the prosecution of said suit in covenant. Said McConnel advanced all the expense of procuring testimony in said case, by going in person to Minnesota, to Scott county, Illinois, and elsewhere, and paying his own expense and the expense of witnesses, and depositions, etc.

English was in court from time to time, while said suit in covenant was in progress, and knew the same was in progress—he took no part and rendered no aid in said cause, nor offered to the said McConnel to do so, nor informed said McConnel that he was ready to do so. The suit in covenant terminated, and the money was collected in April, 1856, as stated in the plaintiff's declaration. Said English did not inform said McConnel that he claimed any part of the fee paid by Vail, or claimed anything out of said covenant suit, until in the summer of 1859.

The said English performed all the labor in preparing briefs and arguments in said chancery suit; McConnel paid all the costs and expense of said suit, after it was decided against said Vail, and English paid nothing.

The two counts in the plaintiff's declaration are for one and the same cause of action, and are based upon the written papers copied into the first count, and are for no other cause of action, except as stated in said count.

McConnel agrees to file a demurrer to each count of the declaration in this cause, which shall be joined by the plaintiff, and each party waives the right of trial by jury, and submits said cause to be tried by the court upon said demurrers and the foregoing state of facts. If the court shall be of the opinion that the law is with the plaintiff, the judgment may be rendered as if upon a verdict for the plaintiff. If the court shall be of opinion that the law is with the defendant, a judgment shall be rendered against the plaintiff as upon a verdict so rendered by a jury.

The case was tried by the court, WOODSON, Judge, presiding, and judgment for the defendant, to which the plaintiff excepted.

Error assigned is, that the court below ought to have given judgment for the plaintiff, but did not.

D. A. AND T. W. SMITH, for Appellant.

M. McCONNEL, *pro se.*

BREESE, J.   By the terms of the agreement between these parties, English had the privilege of commencing and conducting a suit for Vail, in which, if he succeeded, he was to receive, as compensation, one-half of the amount McConnel was to receive by his agreement with Vail.

The contract has this extent—no more. English had no part in McConnel's contract with Vail, except as here stated. A suit in chancery was commenced and prosecuted by English for Vail. No recovery was had, the suit was dismissed, and the costs were paid by McConnel. McConnel might then have given the privilege to any other attorney. He did not do so, but commenced a suit himself, and conducted it to a successful issue, English knowing it and not offering to aid in it, and in fact rendering no service, nor could he, by his contract, claim a right to aid, and also compensation therefor. His contract was to commence and carry on one suit, which he did, with no beneficial result. He had then performed his contract. Suppose McConnel had brought a suit against English for failure to prosecute a suit, could he not plead performance of his contract, by showing the suit commenced, prosecuted, and lost?

This contract with English, does not let him into a participation of the benefits of McConnel's contract with Vail, but gives him merely the privilege of commencing and conducting one suit.

The merits and justice of the case are wholly with the appellee. English has done none of the work, and is entitled to no part of the pay. The judgment must be affirmed.

*Judgment affirmed.*